IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:22-cr-00166-GPG

UNITED STATES OF AMERICA

v.

ANTHONY JAMES ROMERO,

    Defendant.

**UNOPPOSED MOTION TO EXCLUDE 120 DAYS FROM THE SPEEDY TRIAL CALCULATION AND CONTINUE MOTIONS FILING DEADLINE**

    Defendant Anthony James Romero, through undersigned counsel and unopposed by the government, moves this Court to vacate the current trial date of July 6, 2022, exclude 120 days under the Speedy Trial Act, and continue disclosure and motions filing deadlines for 120 days from the current deadlines. In support, counsel states:

**INTRODUCTION**

**(1)**    Mr. Romero is charged with violating 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vi), Count 1, 21 U.S.C. § 843(b), Count 2, and 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 922(a)(2), Count 3. Docket Entry Number ("DE") 19.

**(2)**    The government provided undersigned with discovery on May 31, 2022. Defense counsel has not had an opportunity to review all of that discovery or discuss the case with Mr. Romero in any meaningful way (including potential pretrial motions and defense strategy).

**(3)**    Mr. Romero is currently detained. DE 15.

**(4)**    The parties have conferred, and the government does not oppose this motion.

## LAW

**(5)** This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude any delay for which the ends of justice served by the delay outweigh the best interest of the public and Mr. Romero in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." § 3161(h)(7)(B)(i). In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271.

**(6)** In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

**(7)** This Court should exclude 120 days from the speedy trial calculation based on defense counsel's need to (a) review discovery, (b) conduct additional investigation,

(c) draft and file necessary motions, (d) meet with Mr. Romero, and (e) prepare for trial, if necessary. In addition, Mr. Romero is detained in Grand Junction while counsel operates out of Denver. That requires time consuming travel to meet with Mr. Romero. Excluding 120 days from the speedy trial calculation will allow sufficient time to travel and meet with Mr. Romero.

**(8)** Additionally, counsel's request for a continuance satisfies the criteria in § 3161(h)(7). The ends of justice served by continuing the trial and excluding 120 days outweigh the best interest of the public and Mr. Romero.

**(9)** As for the *West* factors, counsel has diligently prepared for trial by reviewing the discovery and communicating with his client. If the Court grants a 120-day continuance, defense counsel will have time to review all discovery, conduct investigation, and participate in more meaningful attorney-client communication. The government has not asserted that the continuance would cause undue inconvenience, and, in fact, it does not oppose this continuance. And finally, a denial of the continuance would deprive Mr. Romero of the effective assistance of counsel.

## **CONCLUSION**

Wherefore, Mr. Romero respectfully requests this Court for an Order excluding an additional 120 days from the Speedy Trial Act clock, vacating the current trial dates, and continuing the other filing and disclosure deadlines 120 days from the current deadlines.

[*Signature page follows.*]

Respectfully submitted, this 16th day of June, 2022.

                VIRGINIA L. GRADY
                Federal Public Defender

                /s/ *Jared Scott Westbroek*
                JARED SCOTT WESTBROEK
                Assistant Federal Public Defender
                633 17th Street, Suite 1000
                Denver, CO  80202
                Telephone: (303) 294-7002
                FAX: (303) 294-1192
                Email:  jared_westbroek@fd.org
                Attorney for Mr. Romero

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 16, 2022, I electronically filed the foregoing **UNOPPOSED MOTION TO EXCLUDE 120 DAYS FROM THE SPEEDY TRIAL CALCULATION AND CONTINUE MOTIONS FILING DEADLINE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Jeremy Lee Chaffin, AUSA
    Email: jeremy.chaffin@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Anthony James Romero (Via U.S. Mail)

                                       /s/ *Jared Scott Westbroek*
                                       JARED SCOTT WESTBROEK
                                       Assistant Federal Public Defender
                                       633 17th Street, Suite 1000
                                       Denver, CO  80202
                                       Telephone: (303) 294-7002
                                       FAX: (303) 294-1192
                                       Email:  jared_westbroek@fd.org
                                       Attorney for Mr. Romero